

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2009

# Donald Mackay v. Estate of Elizabeth Mackay

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1421

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Donald Mackay v. Estate of Elizabeth Mackay" (2009). *2009 Decisions*. Paper 861.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/861

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-242                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 09-1421
_____

DONALD FRANCIS MACKAY,

Appellant

v.

ESTATE OF ELIZABETH MACKAY

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 2:01-cv-00065)
District Judge:  Honorable John R. Padova
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 9, 2009

Before:   BARRY, AMBRO AND SMITH, Circuit Judges.

(Opinion Filed :  August 4, 2009)

_____

OPINION
_____

PER CURIAM

Over eight years ago Donald Francis Mackay filed suit in federal court related to litigation in the Philadelphia Court of Common Pleas Orphans' Court involving the disposition of his mother's estate. Mackay was apparently displeased with the performance of that court, and named it as the defendant in his federal suit; he later amended his complaint to include the estate as defendant. The District Court dismissed Mackay's original complaint as frivolous. It granted a motion to dismiss his amended complaint, noting it lacked subject matter jurisdiction where there is no federal question and the parties are not diverse. In 2002 this Court affirmed. In 2004 Mackay filed an unsuccessful motion to reopen the case.

This appeal is prompted by Mackay's second motion to reopen. In the January 2009 motion, Mackay presented a copy of a deed he alleged was stolen by an executor of his mother's estate and asked for various forms of relief in light of the "new information." The District Court denied the motion. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

Mackay's motion is best understood as a request to amend his complaint after the entry of final judgment. As the motion fails to even purport to correct the flaws for which the suit was previously dismissed, the District Court did not abuse its discretion in denying it. Because this appeal lacks merit, we will dismiss it pursuant to 28 U.S.C.

---

[1]We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying the motion for abuse of discretion. See Toll Bros., Inc. v. Township of Readington, 555 F.3d 131, 137 (3d Cir. 2009).

§ 1915(e)(2)(B).  Mackay's motion for expedited review is denied.